UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kreamer Sports, Inc.,** *et al.***,**

      **Plaintiffs,**

-V-                                                        Case No. 2:06cv576
                                                                     JUDGE SMITH
                                                                     Magistrate Judge King

**Rocky Brands, Inc.,**

      **Defendant.**

## OPINION AND ORDER

      Plaintiffs Kreamer Sports, Inc. ("Kreamer Sports"), David Kreamer, and Janine Kreamer initiated this action on July 10, 2006, seeking damages in excess of $347,866.20 for breach of contract, promissory estoppel, unjust enrichment, fraud, Ohio Uniform Trade Secrets Act, and accounting. Defendant Rocky Brands, Inc. ("Rocky Brands") counterclaimed asserting a breach of contract claim against Kreamer Sports and fraud claims against Kreamer Sports and David Kreamer ("Kreamer") personally.

      This case is before the Court on Defendant Rocky Brands Motion for Judgment on the Pleadings (Doc. 16), and Counterclaim Defendant David Kreamer's Motion to Dismiss the Counterclaim against him personally (Doc. 21). For the reasons that follow, the Court **GRANTS** Defendant Rocky Brand's Motion for Judgment on the Pleadings and **DENIES** Plaintiff David Kreamer's Motion to Dismiss.

## I. FACTS

Plaintiff, Kreamer Sports, is a Louisiana corporation with its principal place of business in Shreveport, Louisiana.  (Countercl. ¶ 3).  Plaintiffs David and Janine Kreamer are shareholders of Kreamer Sports and residents of Louisiana.  (Countercl. ¶ 4; Am. Compl. ¶ 4).  Defendant Rocky Brands is an Ohio corporation with its principal place of business in Nelsonville, Ohio.  (Countercl. ¶ 2).

On March 6, 2003, Kreamer Sports and Rocky Brands signed a binding letter of intent ("Letter of Intent") whereby Rocky Brands would have the first right of refusal to the use of certain commercial technologies, including heated apparel and footwear, developed by Kreamer Sports.  (Am. Compl. ¶¶ 7-8; Exhibit A to Am. Compl.).  Kreamer Sports also agreed to assign to Rocky Brands existing business orders with Cabela's, Inc. and other vendors, and to deal exclusively with Rocky Brands for future business.  (*Id.*).  Defendant Rocky Brands agreed to pay Kreamer Sports a certain percentage of the sales involving Kreamer Sports technology, with a minimum payment established in the agreement.  (Am. Compl. ¶ 9).

In April 2005, the parties entered into another agreement ("Consulting Agreement").  (Countercl. ¶ 5; Am. Compl. ¶ 11).  Under this consulting agreement, Defendant Rocky Brands agreed to incorporate into their heating products existing and future heating technology developed by Plaintiff Kreamer Sports.  (Am. Compl. ¶ 12).  Rocky Brands agreed to compensate Kreamer Sports by either a minimum payment or a percentage of the net sales of heated products incorporating Kreamer Sports' technology.  (Am. Compl. ¶ 12).

On October 11, 2005, Rocky Brands notified Kreamer Sports that Rocky Brands was terminating the Consulting Agreement, citing breaches of the Consulting Agreement by Kreamer Sports.  (Countercl. ¶ 19-20).

Plaintiff Kreamer Sports alleges Defendant Rocky Brands has failed to account or compensate Kreamer Sports for money due under the Letter of Intent or the Consulting Agreement. (Am. Compl. ¶¶ 14-18). Rocky Brands counterclaimed alleging that Kreamer Sports had "repeatedly failed to provide services and products to [Rocky Brands] in a timely manner." (Countercl. ¶ 10). In addition, Rocky Brands alleges that Kreamer Sports had violated the agreement by providing services and products to other entities rather than exclusively to Rocky Brands. (Countercl. ¶ 11).

Rocky Brands also alleges that Kreamer Sports and Mr. Kreamer made misrepresentations of fact and failed to disclose material facts. (Countercl. ¶ 23). In particular, Rocky Brands alleges that "David Kreamer represented that he and [Kreamer Sports] had technology and proprietary rights to a butane heated vest." (Countercl. ¶ 24). Mr. Kreamer promised that Rocky Brands could use and market the butane-heated vest to Rocky Brand's customers. (Countercl. ¶ 25). From March 2003 to June 2005, Mr. Kreamer continued to assure Rocky Brands "that the butane-heated vest was in development and that [Rocky Brands] would be able to market the vest for commercial use." (Countercl. ¶ 27). In June 2005, Mr. Kreamer and Kreamer Sports admitted that neither "had the intellectual property rights to the butane-heated vest technologies." (Countercl. ¶ 28).

Rocky Brands alleges that the representations were material in deciding to do business with Kreamer Sports. (Countercl. ¶ 29). Further, Rocky Brands alleges that Mr. Kreamer and Kreamer Sports knew the material representations were false or reckless, and they intended for Rocky Brands to rely on the representations. (Countercl. ¶¶ 30-31). Finally, Rocky Brands alleges that it relied on the misrepresentations and was injured as a direct and proximate result of such reliance. (Countercl. ¶¶ 32-33).

## II.  STANDARD OF REVIEW FOR A MOTION FOR JUDGMENT ON THE PLEADINGS AND A MOTION TO DISMISS

The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that used to address a motion to dismiss under Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 857, 858 (6th Cir. 1976). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, *Federal Practice and Procedure* § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

On the other hand, more than bare assertions of legal conclusions are required to satisfy the notice pleading standard. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory." *Id.* (emphasis in original, quotes omitted).

> We are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Id.*

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Rocky Brands moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that David and Janine Kreamer should be dismissed as Plaintiffs because they have not alleged any injury apart from that of the corporation and therefore their claims are merely derivative. This Court agrees that David and Janine Kreamer's claims arose out of their status as shareholders, and they do not have claims distinct from those of the corporation. Therefore, the Court **GRANTS** Defendant Rocky Brand's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

In general, "only a corporation and not its shareholders can complain of an injury sustained by, or a wrong done to, the corporation." *Adair v. Wozniak*, 23 Ohio St. 3d 174, 176 (1986); *see also NBD Bank, N.A. v. Fulner*, 109 F.3d 299 (6th Cir. 1997). An exception to this general rule is where the defendant owes a duty directly to the shareholder. *Id.* at 176; *see also Quarels v. City of E. Cleveland*, 1999 U.S. App. LEXIS 34061, *7-*8 (6th Cir. 1999) ("[w]here the shareholder suffers an injury separate and distinct from that suffered by other shareholders, … the shareholder may maintain an individual action in his own right."). If the actions of the defendant merely lead to a loss of corporate assets, "liability runs to the corporation and not [the corporation's] individual shareholders." *Id.* at 177.

In the Complaint, although David and Janine Kreamer are included as separate Plaintiffs, the claims only allege injuries to Kreamer Sports and the shareholders of Kreamer Sports. The

5

claims do not allege any violation of a duty owed by Rocky Brands to either David or Janine Kreamer personally. In particular, David and Janine Kreamer were not parties to either of the contracts in their individual capacity, but rather as shareholders of Kreamer Sports. (*See* Am. Compl. Ex. A; Am. Compl. Ex. B). In addition, the Kreamers have not alleged that any promises or fraudulent statements were made to them on which they relied. The Kreamers are merely alleging injuries to the corporation, and they cannot maintain the action in their own right. Therefore, Rocky Brands' Motion for Judgment on the Pleadings is **GRANTED**.

### IV.    MOTION TO DISMISS

Defendant Rocky Brands' Counterclaim asserts a cause of action for fraud against Plaintiff David Kreamer. Mr. Kreamer argues that the Counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Mr. Kreamer argues that the fraud claim arises out of actions committed by Mr. Kreamer while acting in his capacity as President of Kreamer Sports. In addition, Mr. Kreamer contends that Rocky Brands has failed to establish sufficient facts to pierce the corporate veil under Ohio law. Rocky Brands argues that an employee can be held liable for actions taken in the course of his or her employment, or alternatively, that Rocky Brands has alleged facts sufficient to pierce the corporate veil. (Def.'s Mem. in Opp. to Mot. to Dismiss at 5). This Court agrees with Rocky Brands that an employee acting in the scope of his or her employment is an agent of the corporation and can be held liable for misrepresentations made by the employee.

### 1.  Capacity of Mr. Kreamer to be sued

Although not addressed by either party, an initial issue is whether Mr. Kreamer, a Plaintiff in his capacity as a shareholder, could be a counterclaim-defendant in his individual capacity.  This Court holds that Mr. Kreamer can be a counterclaim-defendant in his individual capacity.

When a counterclaim is brought pursuant to Rule 13, the counterclaim can only be brought against an "opposing party."  Fed. R. Civ. P. 13.  Although not addressed by the Sixth Circuit, other circuits have held that "opposing party" requires that "when a plaintiff has brought suit in one capacity, the defendant may not counterclaim against him in another capacity." *Banco Nacional de Cuba v. Chase Manhattan Bank*, 658 F.2d 875, 885 (2d Cir. 1981); *see also* 3-13 Moore's Federal Practice - Civil § 13.90(2)(D).  However, there are two recognizable exceptions.  *Rhodes, Inc. v. Morrow*, 937 F. Supp. 1202, 1207 (M.D.N.C. 1996).  First, "a counterclaim in an individual capacity will be allowed when 'plaintiff has sued in a representative capacity but will benefit individually from any recovery.'"  *Id.* (*quoting Blanchard v. Katz*, 117 F.R.D. 527, 529 (S.D.N.Y. 1987)).  Second, the counterclaim can be allowed where "the principles of equity and judicial economy support such a counterclaim."  *Id.*

In this case, both exceptions are applicable.  First, although Mr. Kreamer attempted to sue in a representative capacity as shareholder on behalf of Kreamer Sports, had the law permitted Mr. Kreamer to sue as a representative and/or personally, any recovery by the corporation would have benefitted him personally.

Second, the principles of equity and judicial economy would support this counterclaim.[1] Counterclaims in a different capacity have not been allowed where the counterclaims "would neither bring about resolution of all controversies between the parties, nor have any effect on the possibility of multiple suits." *Banco Nacional de Cuba v. Chase Manhattan Bank*, 658 F.2d 875, 866 (1981).[2] In the case at bar, the Court would be able to completely resolve the entire dispute between the parties in one suit, whereas if the Court dismissed the counterclaim, Rocky Brands would have to bring a second suit against Mr. Kreamer personally. This would not serve the interests of equity and judicial economy.

Therefore, although Mr. Kreamer sued in a representative capacity as shareholder of Kreamer Sports, the counterclaim of Rocky Brands against Mr. Kreamer personally is permissible.

### 2. Mr. Kreamer's Affidavit

As an initial matter, Defendant Rocky Brands argues that in deciding the Motion to Dismiss, the Court should not consider Mr. Kreamer's Affidavit attached to the Motion to Dismiss. The Court agrees that it cannot consider the Affidavit.

In deciding a motion to dismiss, the Court cannot consider matters outside the pleadings. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997); *see also Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also

---

[1] "To allow counterclaims to be asserted in appropriate cases against a plaintiff in a capacity different than that in which he brought suit … is consistent with the goals of Fed. R. Civ. P. 13 to conserve judicial resources and to resolve all controversies between the parties in a single suit. Claims should be tried together to avoid delay and waste of judicial resources." *Blanchard v. Katz*, 117 F.R.D. 527 (S.D.N.Y. 1987) (citations omitted).

[2] It should be noted that *Banco Nacional de Cuba v. Chase Manhattan Bank* deals with the slightly different though analogous situation of a defendant, sued in one capacity, attempting to counterclaim in a separate capacity.

may be taken into account."). For the purposes of determining whether to grant a Rule 12(b)(6) motion, pleadings can include "documents that a defendant attaches to a motion to dismiss … if they are referred to in the plaintiff's complaint and are central to her claim." *Amini*, 259 F.3d at 502. The purpose of this rule is to prevent a plaintiff from surviving a motion to dismiss by not attaching a dispositive document. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997); *see also Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) ("this is a narrow exception aimed at cases interpreting, for example, a contract.").

In the case at bar, Mr. Kreamer attached an affidavit to the Motion to Dismiss. The Affidavit sets forth statements that support Mr. Kreamer's argument that Kreamer Sports is a bona fide corporation, that Mr. Kreamer was an officer of Kreamer Sports, and that Mr. Kreamer did not represent that there was a finished butane-heated vest. However, the Affidavit was not referred to in Plaintiff Rocky Brand's Counterclaim, nor is the Affidavit central to the Counterclaim. Therefore, the Affidavit is not part of the pleadings and cannot be considered by this Court in determining whether to grant the Motion to Dismiss.

### 3. Personal Liability of Mr. Kreamer

Mr. Kreamer argues that he is not personally liable for fraud against Defendant Rocky Brands because he was acting in his capacity as President of Kreamer Sports and the fraud counterclaim is insufficient to pierce the corporate veil. (Mot. to Dismiss at 1). Rocky Brands argues that regardless of whether the corporate veil can be pierced, Mr. Kreamer, as an employee, can be held personally "liable for actions taken in the course and scope of his employment." (Mem. in Opp. to Mot. to Dismiss at 5). This Court agrees with Rocky Brands that the corporate veil need not be pierced to hold Mr. Kreamer personally liable.

9

Under Ohio law, "a corporate officer can be held personally liable for a tort committed while acting within the scope of his employment." *Atram v. Star Tool & Die Corp.*, 64 Ohio App. 3d 388, 393 (8th App. Dist. 1989). This follows from the general rule of agency that although a principal may be liable for torts committed by an agent, this does not relieve the agent of liability. (Restatement (Second) of Agency, § 343 (1958); *see also* Restatement (Second) of Agency, § 348 (1958) ("[a]n agent who fraudulently makes representations … is subject to liability in tort to the injured person although the fraud or duress occurs in a transaction on behalf of the principal.")).

For example, in *Atram*, the officer of a corporation made representations to an employee of another company that if the employee left his current employment and worked for the officer's corporation, the officer would train the employee. *Atram*, 64 Ohio App. 3d at 390. The employee quit his job and began work at the officer's corporation. *Id.* The officer then discharged the employee after one day, saying he did not have time to train the employee. *Id.* The Court of Appeals held that although the statements were made in his corporate capacity, the officer was personally liable for his intentional misrepresentations. *Id.* at 393.

In the case at bar, although Mr. Kreamer was acting on behalf of Kreamer Sports, Mr. Kreamer can still be held personally liable for fraud. It appears undisputed that Mr. Kreamer was at all relevant times President of Kreamer Sports. (Mem. in Supp. of Mot. to Dismiss at 3). Rocky Brands alleges that acting in this capacity, Mr. Kreamer "represented that he and his company, [Kreamer Sports], had technology and propriety rights to a butane-heated vest." (Countercl. ¶ 24). Further, Rocky Brands alleges that between March 2003 and June 2005, on several occasions, Mr. Kreamer was asked about the status of the butane-heated vest, and "[he] assured [Rocky Brands] employees that the butane-heated vest was in development and that

10

[Rocky Brands] would be able to market the vest for commercial use." (Countercl. ¶ 27). Although these alleged statements were made by Mr. Kreamer on behalf of Kreamer Sports, Mr. Kreamer was acting as an agent of the principal, Kreamer Sports.  Therefore, Mr. Kreamer can potentially be held personally liable if the statements he made are ultimately considered fraudulent.

### 4. Cause of Action for Fraud

Mr. Kreamer also argues that Rocky Brands has failed to adequately allege fraud.  He argues that any representation or omission was not made with the intent to deceive. (Mot. to Dismiss at 6).  Mr. Kreamer also argues that the contracts do not offer support for Rocky Brands' allegations of fraud and the parol evidence rule should prohibit the introduction of extrinsic evidence.  (Reply to Mem. in Opp. to Mot. to Dismiss at 5).  This Court holds that the parol evidence rule does not prohibit the introduction of extrinsic evidence to prove fraud. Further, Rocky Brands has sufficiently alleged a valid cause of action for fraud against Mr. Kreamer meeting both the heightened pleading under Fed. R. Civ. P. 9(b) and the elements of fraud under Ohio law.

#### a. Parol Evidence Rule

First, Mr. Kreamer argues that the terms of the contractual documents do not support Rocky Brands' allegations of fraud.  (Reply to Mem. in Opp. of Mot. to Dismiss at 5).  Mr. Kreamer argues that the contracts are fully integrated and clear an unambiguous; therefore, the parol evidence rule applies.  (*Id.*)

The parol evidence rule provides that when a contract is integrated, the written agreement cannot be "varied, contradicted, or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements." *Galmish v. Cicchini*, 90 Ohio St. 3d 22, 27 (2000) (*quoting* 11 Williston on Contracts 569-570 (4 Ed. 1999)). One exception to this rule is fraud. *Id.* at 28. The parol evidence rule does not prohibit extrinsic evidence used to prove fraudulent inducement. *Id.* This exception is particularly applicable when a "contract is induced by promises fraudulently made, with no intention of keeping them." *Id.* at 29-30.

For example, in *Galmish v. Cicchnini*, Galmish acquired property (land and an office building) pursuant to a divorce settlement with Cicchini. *Galmish*, 90 Ohio St. 3d at 23. Cicchini told Galmish that Cicchini could sell the property to Developers for $1,700,000. *Id.* at 24. Galmish and Cicchini made an agreement where Cicchini would purchase the property from Galmish for $765,000. *Id.* at 23. If the property was sold within one year of the agreement, Cicchini would pay Galmish one-half of the proceeds in excess of $765,000. *Id.* Galmish argued that from the time the contract was signed Cicchini intended to delay the sale until one year after the agreement, thereby depriving Galmish of her share of the excess proceeds. *Id.* The court held that the parol evidence rule did not keep Galmish from introducing extrinsic evidence, because the evidence was not offered to change the terms of the contract. Rather, the evidence was introduced to show that the agreement was fraudulently induced.

In this case, Rocky Brands is alleging that Mr. Kreamer's fraudulent statements induced the contract. Therefore, the parol evidence rule does not prohibit the introduction of statements made by Mr. Kreamer prior to the contract.

### b. Heightened Pleading for Fraud

Defendant Rocky Brands has sufficiently pled fraud under Fed. R. Civ. P. 9(b) in its counterclaim against Mr. Kreamer. Under the Federal Rules of Civil Procedure, fraud must be alleged with particularity. Fed. R. Civ. P. 9(b). The purpose of this requirement is to ensure that the defendant has sufficient notice of the misrepresentation and has enough information to be able to respond to the claim of fraud. *See Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993). The Sixth Circuit requires a plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006).

In this case, Rocky Brands has met the heightened pleading requirement of Fed. R. Civ. P. 9(b). First, Rocky Brands adequately alleged the time, place, and content of the alleged misrepresentation. Rocky Brands alleges that around February 13-16, 2003 at the Shot Show in Orlando, Florida, Mr. Kreamer represented that Kreamer Sports had proprietary rights to a butane-heated vest. (Countercl. ¶ 24). Rocky Brands also alleges that between March 2003 and June 2005, when asked about the status of the butane-heated vest, Mr. Kreamer "assured [Rocky Brands] employees that the butane-heated vest was in development and that [Rocky Brands] would be able to market the vest for commercial use." (Countercl. ¶ 27).

Next, Rocky Brands has alleged a fraudulent scheme and the fraudulent intent of the Defendants. Rocky Brands alleges that Mr. Kreamer and Kreamer Sports told Rocky Brands that Kreamer Sports had the property rights to the butane-heated vest when Mr. Kreamer and Kreamer Sports knew that they did not, in fact, have those property rights. (Countercl. ¶ 28). Further, Kreamer Sports was attempting to negotiate a license for the technologies. (*Id.*). The

13

representations by Mr. Kreamer and Kreamer Sports that they held the property rights to the butane-heated vest technologies were the reason that Rocky Brands entered into the agreements with Kreamer Sports. (Countercl. ¶ 29). Therefore, the scheme was to induce Rocky Brands to enter into the agreement with Kreamer Sports. (Countercl. Exhibit B).[3]

Finally, Rocky Brands has alleged the injury resulting from the fraud. Rocky Brands states that the representations that Kreamer Sports had the property rights to the butane-heated vest "were material to [Rocky Brand's] decision to do business with [Kreamer Sports]." (Countercl. ¶ 29). In addition, Rocky Brands had prepared to use the heating technology in its Fall 2006 product line. (Countercl. Exhibit B). Since Kreamer Sports was unable to obtain the licenses to the heating technology, Rocky Brands was unable to introduce the products in the Fall of 2006 as planned. (*Id.*).

Rocky Brands has adequately "allege[d] the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Power & Tel. Supply Co.*, 447 F.3d at 931. Therefore, Rocky Brands has sufficiently met the heightened pleading requirement of Fed. R. Civ. P. 9(b).

### c.  Elements of Fraud

Mr. Kreamer argues that Rocky Brands has not adequately alleged fraud. This Court disagrees. Rocky Brands has adequately alleged all the elements of fraud under Ohio law.

---

[3] Countercl. Exhibit B is a letter by Rocky Brands to Kreamer Sports indicating Rocky Brands intent to terminate the contract. On a motion to dismiss, the court can only consider matters within the pleadings. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, Fed. R. Civ. P. 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." The letter was an exhibit to the counterclaim; therefore, the court can consider the letter for the motion to dismiss.

In addition to the heightened pleading requirement of Fed. R. Civ. P. 9(b), Rocky Brands must also "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In Ohio, the elements of fraud are: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Groob v. Keybank*, 108 Ohio St. 3d 348, 357 (2006) (*quoting Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54, 55 (1987)).

Rocky Brands alleges that Mr. Kreamer made several misrepresentations.[4] (Countercl. ¶ 23). In particular, Rocky Brands alleges that on multiple occasions between 2003 and 2005, Mr. Kreamer "represented that he and [Kreamer Sports] had technology and proprietary rights to a butane-heated vest" and the butane-heated vest was currently in development. (Countercl. ¶¶ 24, 27). In June of 2005, Mr. Kreamer disclosed that neither he nor Kreamer Sports "had the intellectual property rights to the butane-heated vest technologies." (Countercl. ¶ 28).

In addition, Rocky Brands has alleged the misrepresentations were material. Rocky Brands alleges that it entered into the transaction because it "believed that the butane-heated vest technology was on the cutting-edge and that its customers would be very interested in purchasing such a vest." (Countercl. ¶¶ 26, 29).

---

[4] Rocky Brands also alleges that Mr. Kreamer omitted material facts. However, to state a cause of action for fraud based on omission of a material fact there must exist a duty to disclose. *Steinfels v. Ohio Dep't of Commerce, Div. of Sec.*, 129 Ohio App. 3d 800, 807 (10th App. 1998). This "duty to disclose arises when one party has information that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them." *Id.* In this case, Rocky Brands has not alleged that a fiduciary or other special relationship existed between Mr. Kreamer and Rocky Brands that would create the duty to disclose. Therefore, the Court reads the Complaint as alleging fraud based on affirmative misrepresentations made by Mr. Kreamer.

15

Rocky Brands alleges that Mr. Kreamer knew that the misrepresentations were false, and that he intended for Rocky Brands to rely on these misrepresentations. (Countercl. ¶¶ 30-31). Mr. Kreamer represented on multiple occasions that Kreamer Sports owned the property rights to heating technology. (Countercl. ¶¶ 24, 27). At the same time, Kreamer Sports was negotiating licenses to the heating technologies from the owner. (Countercl. ¶ 28). Therefore, Rocky Brands has sufficiently alleged that the statements were made with knowledge of their falsity and intent for Rocky Brands to rely on the misrepresentations to sustain a motion to dismiss.

Finally, Rocky Brands alleges that they did rely on the misrepresentations, and they were proximately injured. (Countercl. ¶¶ 32-34). Rocky Brands decided to do business with Kreamer Sports based on the representations that they had the property rights to the heating technology. (Countercl. ¶ 29). In addition, Rocky Brands had prepared to use the heating technology in its Fall 2006 product line, but was unable to do so when it was discovered that Kreamer Sports did not have property rights to the heating technology. (Countercl. Exhibit B).

## V. CONCLUSION

Rocky Brands moved for a Judgment on the Pleadings pursuant to Rule 12(c), seeking to dismiss David and Janine Kreamer from the suit. For the reasons stated in Part III of this opinion, Defendant Rocky Brands Motion for Judgment on the Pleadings is **GRANTED**.

Mr. Kreamer moved for dismissal of the second count of the counterclaim, which alleged fraud against him personally, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons stated in Part IV of this opinion, the Court **DENIES** Mr. Kreamer's Motion to Dismiss.

The Clerk shall remove Documents 16 and 21 from the Court's pending motions list.

**IT IS SO ORDERED.**

                              */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE
UNITED STATES DISTRICT COURT**